**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| Acuity, A Mutual Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-00277 |
| | ) | |
| Akbar Rana | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Vanessa D. Bodkin | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pending before the Court is plaintiff's motion for leave to execute alternative service by publication on defendant Akbar Rana. (Doc. No. 4).

On March 16, 2010, plaintiff filed a declaratory judgment action seeking a declaratory judgment that it had no obligation to defend or indemnify Rana for any claims asserted in a wrongful death action styled <u>Vanessa D. Bodkin v. Lakhani Commercial Corporation</u>, Case No. 1016- CV32853, filed October 26, 2010, in the Circuit Court of Jackson County Missouri. (Doc. 1). In its complaint, plaintiff alleges that Rana has sought defense and indemnification under an insurance policy issued by plaintiff to Lakhani Commercial Corporation for claims asserted against Rana in the wrongful death action.

Plaintiff states that Rana's whereabouts are unknown, that he cannot be served either within or outside this state, and that service by publication is authorized by Federal Rule of Civil Procedure 4(e)(1), Missouri Supreme Court Rule 54.12(c) and Mo. Rev. Stat.

§ 506.160(3).

Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to effectuate service in any manner authorized by Missouri law. Plaintiff directs this court to Missouri Supreme Court Rule 54.12( c) and Mo. Rev. Stat. § 506.160(3) as authority for permitting service by publication when the defendant cannot be personally served with the exercise of due diligence either within or outside this state. These authorities, however, refer to "actions affecting a fund, will, trust, estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court." Mo. Rev. Stat. § 506.160(1); Mo. Sup. Ct. Rule 54.12(a). We do not believe that alternative service by publication is appropriate in this action. See also Exertron v. M.I.K.E. Biomechanical Systems, 2007 WL 1567041 (E.D. Mo).

Plaintiff's motion for leave to execute alternative service by publication (Doc. 4) is denied.

**IT IS SO ORDERED**.

Dated:   04/20/11   /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         Chief United States District Judge