# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 4:11-00277-CV-FJG<br>) |
| AKBAR RANA, | )<br>) |
| and | )<br>)<br>) |
| VANESSA D. BOYKIN | )<br>) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Plaintiff Acuity, Defendant Boykin, and Defendant Jones' briefing on whether the above-styled action presents an actual case or controversy (Doc. No. 15).

**I.  Background**

This is a declaratory judgment action arising out of an insurance dispute (Doc. No. 1). Plaintiff Acuity insures Lakhani Corporation. Lakhani owns the gas station where its employee, Akbar Rana, allegedly shot and killed one of its customers. The customer's family, Vanessa Boykin and Frederick Jones, brought a wrongful death action in the Circuit Court of Jackson County, Missouri. Vanessa D. Boykin v. Lakhani Commercial Corp., et al., Case No. 1016-CV32853. That action is still pending.

On March 16, 2011, Acuity filed a declaratory judgment action in this Court seeking a declaration that it has no duty to defend or indemnify Rana in the wrongful death action (Doc. No. 1). Acuity has assumed the defense of Lakhani in the wrongful death action, but did not name Lakhani in this action. Rana cannot be located to be served in this action or in the state court wrongful death action. This Court denied Acuity's Motion for Service by Publication and Reconsideration (Doc. No. 6 & 9).

On November 3, 2011, this Court held a teleconference to discuss the parties' Joint Proposed Scheduling Order and Preliminary Discovery Plan (Doc. No. 21). In the midst of discussions at the teleconference, the Court became concerned as to whether an actual case or controversy exists and thus, whether the case should be dismissed. As such, the Court ordered briefing from the parties about whether an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify an employee of their insured under certain insurance policies presents an actual case or controversy when the employee has not been served (Doc. No. 24).

## II. Discussion

Plaintiff offers several arguments in support of the fact that an actual case or controversy exists. First, Plaintiff issued an insurance policy to Lakhani and Defendant Rana sought a defense and indemnification under the policy for the claims asserted against him. Second, it is unrealistic to require an insurance company to await lawsuit or judgment before allowing it to determine its obligations when a primary duty of an insurer is to attempt to settle claims against its insured. Since a liability insurer is under a duty to defend any suit against its insured, the declaratory judgment action provides a way for the insurer to avoid either providing a defense for claims that are not covered

under the policy or risk a bad faith action for refusing to defend. Finally, significant adversity exists between Defendant Boykins and Defendant Jones, as injured-third parties, and Acuity, as an insurer. As such, there exists a case or controversy. (Doc. No. 26).

Defendant Boykins and Defendant Jones offer several arguments in support of the fact that an actual case or controversy does not exist. First, Plaintiff's complaint states that Rana is a necessary party to this action. As such, Defendants should be estopped from discounting the necessity of Rana in the present suit. Second, since Rana has not been served in either the state court action or this action, there is no defense at this time for the Plaintiff to avoid nor is there a risk for a bad faith action for refusing to defend. Plaintiff will not be prejudiced by this matter not being adjudicated. Third, the elements enumerated in Federal Rule of Civil Procedure 19, which provide guidelines for determining whether an action can continue in equity and good conscience when joinder of a necessary party is not feasible, weigh heavily in favor of dismissal. Finally, even if the suit otherwise satisfies subject matter jurisdictional prerequisites, district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act. Since there is a state court action pending regarding the same factual issues in this case, there is a risk of duplication of efforts and inconsistent results. (Doc. No. 27).

In cases in which a declaratory action to determine coverage under an insurance policy has been permitted to proceed, the insured made a claim for coverage under the applicable policy provisions. TIG Ins. Co. v. Insinger Machine Co., Inc., No. CIV.A. 97-3164, 1998 WL 748287 (E.D. Pa. Oct. 27, 1998). Where no claim for coverage was

made by the insured, courts have concluded that there was no immediate harm and thus, there was a lack of adversity between the parties. Id. Adversity is one of the elements required for a case to be fit for judicial review in a declaratory judgment action. Id. Without it, the controversy is only hypothetical. Id. Issuance of a decision on a hypothetical question renders the Court's decision an advisory opinion. Id. Advisory opinions are strictly forbidden. Id. In this case, although Plaintiff submits that Rana has made a claim for coverage under the requisite Acuity insurance policy, this statement is inconsistent with the fact that Rana has not been served.[1] Plaintiff offers no proof that Rana has made a claim for coverage nor that he even has knowledge of the pending state action against him.

Federal Rule of Civil Procedure 19 reads as follows:

**Rule 19. Required Joinder of Parties**
\*\*\*\*

**(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
    (2) the extent to which any prejudice could be lessened or avoided by:
        (A) protective provisions in the judgment;
        (B) shaping the relief; or
        (C) other measures;
    (3) whether a judgment rendered in the person's absence would be adequate; and
    (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.
\*\*\*\*\*

Under these provisions, Defendant Rana would be unfairly prejudiced by a ruling in this action.

---

[1] Plaintiff and Defendants assert that Defendant Rana has most likely fled his abode (Doc. No. 26 & Doc. No. 27).

### III. Conclusion

In light of the foregoing, the present action is **DISMISSED**.

**IT IS SO ORDERED.**


Date: <u>January 31, 2012</u>　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge